```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


ORECK DIRECT, LLC                          CIVIL ACTION

VERSUS                                     NO. 07-2744

DYSON, INC.                                SECTION "R" (4)
```

**ORDER AND REASONS**

Before the Court is plaintiff's Motion for New Trial and/or Reconsideration of Judgment dismissing its claims. For the following reasons, the Court DENIES plaintiff's motion.

**I.   BACKGROUND**

The factual background of this case is set forth in the Court's order granting defendant's motion for summary judgment. *See Oreck Direct, LLC v. Dyson, Inc.*, 544 F. Supp. 2d 502, 504-507 (E.D. La. 2008). In that motion, defendant argued that the dismissal with prejudice in an earlier lawsuit between Oreck and Dyson precluded Oreck's Lanham Act claim with respect to Dyson's DC18 model vacuum cleaner. In its February 21, 2008 order, the

Court ruled that the doctrine of res judicata barred plaintiff's claims.  Plaintiff now moves the Court to reconsider that decision pursuant to Federal Rule of Civil Procedure 59(e).

## II.  LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the

facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. DISCUSSION**

The Court finds that reconsideration is not warranted under Rule 59(e).  Oreck argues that the Court improperly failed to consider the intent of the settlement agreement in its res judicata analysis.  Oreck avers that since the dismissal of the prior action was accomplished by means of a settlement agreement, the Court should have looked to the agreement to see what claims the parties actually intended to resolve and which ones they intended to reserve, rather than applying the transactional test to determine whether the two suits involved the same cause of action.

The Court finds that reconsideration is not warranted since Oreck has not established that the Court committed a manifest

error of law.  Oreck principally relies on one case[1] from another circuit for its contention that a settlement agreement alters the res judicata analysis for claim preclusion.  The Fifth Circuit has not yet ruled on the issue.  Oreck cites a number of Fifth Circuit cases, but none of the cases are relevant to whether a settlement agreement changes a court's analysis as to claim preclusion.  *See Kaspar Wire Works, Inc. v. Leco Engineering & Mach*, 575 F.2d 530, 536 (5th Cir. 1978) (finding that claim preclusion operates differently in the declaratory judgment context); *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006) (finding that collateral estoppel was not warranted since earlier denial of a motion to dismiss is not a final judgment on the merits); *Hughes v. Santa Fe Int'l Corp.*, 847 F.2d 239, 241 (5th Cir. 1988) (finding that a consent judgment gives rise to *issue preclusion* of the parties manifest such an intention) (emphasis added); *Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 359-60, 366 (5th Cir. 2004) (construing a contract, not a settlement agreement resulting from litigation, to allow Brennan's to pursue trademark-related claims); *F.D.I.C. v. Brants*, 2 F.3d 147, 152 (5th Cir. 1993) (finding that a settlement agreement did not release two

---

[1] *Norfolk Southern Corp. v. Chevron USA, Inc.*, 371 F.3d 1285 11th Cir. 2004).

4

defendants that were not a party to the earlier lawsuit); *Guidry v. Halliburton Geophysical Services, Inc.*, 976 F.2d 938, 940-941 (5th Cir. 1992) (affirming a district court's interpretation of a settlement agreement in a motion to enforce the settlement); *LTV Educ. Systems, Inc. v. Bell*, 862 F.2d 1168, 1172 (5th Cir. 1989) (construing a settlement agreement between defendant and a third party). Additionally, at least one Fifth Circuit case suggests that a settlement agreement may not alter the claim preclusion analysis. *See Matter of West Texas Marketing Corp. v. Kellogg*, 12 F.3d 497, 500 (5th Cir. 1994) ("The settlement agreement in this case will carry res judicata effects so long as the settlement satisfies the four part test we use in evaluating the applicability of res judicata"). The court also held that when parties stipulate to the dismissal of the settled claims with prejudice, "[r]es judicata operates to bar any claim which could have been brought in the previous action." *Id.* at 501-02. As such, the Fifth Circuit law in this area is unsettled, and thus the Court could not have committed a manifest error of law by applying standard res judicata analysis in the context of a settlement agreement.

Further, the Court expressly noted that the settlement agreement provided that "Oreck released Dyson 'from all advertising . . . claims arising out of, and related to, the

claims in the [earlier] Action' and agreed to dismiss its claims with prejudice." *Oreck*, 544 F. Supp. 2d at 506.  In construing settlement agreements, Louisiana courts[2] have found that such broad language permits a court to bar any later claims arising from the same transaction. *See Medicus v. Scott*, 744 So.2d 192, 196 (La. Ct. App. 1999) (affirming a district court's judgment that a settlement agreement with similar language barred a later claim, despite one party's affidavit that he did not intend to settle all claims"); *Crochet v. Pierre*, 646 So.2d 1222, 1225 (La. Ct. App. 1994) (finding that language in a release in which appellant agreed to forfeit all rights to make future claims arising out of an accident was "broad and unambiguous" such that the claim could not be reinstated); *Barnhill v. Consolidated Medical, Disability & Life Trust*, 569 So.2d 1115, 1117 (La. Ct. App. 1990) (finding that language releasing a party from damages, penalties, and attorney's fees "arising out of or in any way connected with the disability alleged to result from the accident" was so broad that it barred a later action arising from the same accident).  The agreement also allowed Dyson to use the contested advertising claims for all products "existing in the

---

[2]The interpretation and meaning of the settlement agreement is governed by principles of state law that apply to contracts generally. *Lockette v. Greyhound Lines, Inc.* 817 F.2d 1182, 1185 (5th cir. 1987).

United States marketplace" as of January 5, 2007. *Id.* Although the Court did note this term in its previous opinion, it did not discuss plaintiff's contention about it. The Court finds that this term does not alter the result. The Court has already determined that the present action was based on the same nucleus of operative fact as the previous action. *See id.* at 510. Additionally, the Court found that in advertising the DC18 vacuum cleaner to retail stores, Dyson had made its product available to the relevant purchasing public. *See id* at 513. As such, the product in issue was "existing in the United States marketplace" within the meaning of the law governing the cause of action Oreck chose to bring. Thus the Court finds that further consideration of the settlement agreement does not alter the result reached in the Court's earlier opinion that by virtue of the settlement, release and stipulation of dismissal, res judicata bars Oreck's claim regarding the promotion of the DC18.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Oreck's Motion for New Trial and/or Reconsideration of Judgment.

New Orleans, Louisiana, this 29th day of July, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE